STATE, for the Use of ELIZABETH MILLER, on administration of Vincent Lockerman's estate, v. JAMES CLAYTON, administrator c. t. a. of John Clayton, who was surety in said bond to Charles Nixon.

Court of Common Pleas.  December, 1805.

*Rodney's Notes.*

*Bayard* and *Ridgely* [for plaintiff]. *Bassett, Hall* and *Clayton* [for defendant].

December 23, 1779, Elizabeth Lockerman, who afterward married Mr. Miller, was born. Action brought December 15, 1803, eight days before the Act began to run.

*Hall* for defendant. Probate by 1 Del.Laws 420 should have been made and, [2 Del.Laws] 890 requires that the principal should be shown to be insolvent etc.

*Bayard.* Under the pleadings the second point should have been pled in abatement. The law does not place the creditor in same situation as the heir. Probate is not necessary in this case, State being plaintiff, and no money to be recovered. The judgment is only for the use of creditors who may sue.

*Clayton* for defendant. Formerly executors were not bound to give security. The Act in my opinion makes no distinction between heirs and creditors. Probate is necessary as Mrs. Miller is the only person entitled to receive money before she has a right to sue the administrator. She ought to make the probate.

*Bassett.* Nothing in the Act that declares the defendant should plead in abatement.

CHIEF JUSTICE BOOTH. Limitations and *non est factum* in this case waived or not established. By the Act, [1 Del.Laws] 420, the probate is directed, but we are [of] opinion the probate in this case is not necessary. The Act of 1787, [2 Del.Laws] 890, we are inclined to the opinion that section 1 of that law does not apply to heirs or that the party should plead in abatement or otherwise.